Totten, J.,
delivered the opinion of the court.
The prisoner was convicted in the circuit court of Over-ton, at October term, 1851, upon a charge of peijury; and his several motions for a new trial, and in arrest of judgment, *158 being overruled, and judgment rendered against him, he has appealed in error to this court.
The perjury is assigned upon the testimony of the prisoner, given upon the trial of one Edward Franklin, upon a charge of assault and battery upon the person of the prisoner. It is averred in technical form, that the prisoner deposed on that trial, that he went into a stable where said Franklin was, that Franklin struck him three times in the breast or side, with his fist, and struck him two or three times with a rail; and there is a traverse in technical and properform, that this testimony was untrue. The oath was administered in the presence of the court, by Edward N. Cullom, who was acting during the time, as assistant for the principal clerk, under his verbal request, and was not his regular deputy.
First. It is insisted for the prisoner, that it clearly appears in the proof, that Franklin struck the prisoner, and although it may not appear that he struck him more than once, and in that the falsehood may consist; yet that circumstance is not material to the issue then on trial, which was, whether Franklin was guilty of the assault and battery or not. It is true that -a single blow was sufficient to constitute the offence ; but a second and third blow with the fist, and with a rail, are material circumstances in aggravation of the offence, to be taken into consideration in imposing a proper punishment upon the offender. We may say, indeed, that the offence in that case consisted of the several blows and injuries alledged to have been inflicted by said Franklin upon the person of said Stephens, all of which taken together, if true, make an aggravated case of assault and battery, for which a punishment corresponding to the enormity of the offence, would be imposed.
We think, therefore, that the testimony, if given, was material to the case.
Second. It is next insisted, that the oath was not legally administered to the prisoner on the ocoasion of the trial.
*159 We do not concur in the force of this objection. The oath was administered pending the trial, of course, in the presence of the judge presiding and holding the court, and it is to be presumed, that it was administered with his assent, and under his general direction and control. The judge himself may administer the oath, or he may direct any one in his presence, in open court, to administer it, and the oath will be valid.
Every oath administered by the clerk' during the term, in relation to the business of the court, is to be considered as administered in open court, in the presence of the judge, and un-dor his sanction and control.
In such case, the oath does not derive its sanction and validity from the circumstance merely, that it was administered by the clerk, but, from the circumstance that it was duly administered in open court, with the approval and under the control of the judge presiding. It was not, therefore, necessary that the person who administered the oath, under these circumstances, should have been a legally appointed deputy.
We consider that the oath was properly administered.
Thirdly. It is said that the proof was not sufficient to warrant the conviction.
We have carefully considered it, and we cannot say that it is not well warranted by the proof in the case, especially, as this is the second conviction upon the same state of facts.
There being no error, the judgment will be affirmed.