(Decided June 19th, 1895.)

---

## THE STATE OF MARYLAND vs. HENRY A. FLOTO.

*Indictment for Perjury—Appeals in Criminal Cases.*

An indictment charging that the traverser, for the purpose of procuring a marriage license falsely, etc., made oath before a Clerk of Court as to certain material facts, is sufficient in law, the Clerk having authority under the statute to administer the oath.

Since the Act of 1892, ch. 506, appeals in criminal cases are upon the same footing as appeals in civil cases, and in neither case can an appeal be taken till after final judgment.

If there is a judgment on demurrer and no exceptions, the case may be brought up for review either by appeal or by petition as upon writ of error. And if in the latter mode, the provisions of Code, Art. 5, sec. 4, must be complied with.

Appeal from a judgment of the Circuit Court for Garrett County (STAKE, J.), sustaining a demurrer to an indictment for perjury. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*John Prentiss Poe, Attorney-General,* for the appellant.

*Thos. J. Peddicord* and *James C. Peddicord,* for the appellee, submitted the case.

FOWLER. J., delivered the opinion of the Court.

The traverser was indicted for perjury in the Circuit Court for Garrett County. He demurred to the indictment, which contained but one count; and the only question, therefore, presented by this appeal is the sufficiency of the indictment.

We are all of opinion that the demurrer should have been overruled. As was said in *State* v. *Bixler*, 62 Md. 358, perjury is an *infamous crime*, and therefore, any person convicted thereof will not only be disfranchised (Art. 1 sec. 2, Constitution of Md.), unless pardoned by the Governor, but under the provisions of our Code (Art. 27, sec. 228), will be punished by confinement in the jail or penitentiary for not more than ten years, Art. 27, sec. 228, as amended by Act of 1894, ch. 262. We have thus commented, on the gravity and turpitude of this crime because of the circumstances of this case. The traverser, for the purpose of procuring a marriage license for the marriage of his niece and one Ray Young, made application for a license to the Clerk of the Circuit Court for Garrett County, and represented himself to be said Young, and falsely made affidavit to four of the six matters which must be sworn to before the license can be obtained. Section 5, Article 62 of the Code, title, "Marriage," provides that the Clerk of any Court authorized to issue a marriage license, "shall examine on oath the person making application for the same, to ascertain, first, the full names of the parties ; second, their places of residence ; third, their ages ; fourth, their color ; fifth, whether married or single ; sixth, whether related or not, and if so, in what degree of relationship.". And by section 226 of Article 27, "Crimes and Punishments," it is provided that an oath or affirmation, if made wilfully and falsely, and if such affidavit be required by law to be taken, shall be deemed perjury. This indictment charges that the traverser, wishing and intending to procure a marriage license from the Clerk of the Circuit Court for Garrett County, wilfully and falsely made oath and took an affidavit, as required by law, and. sets forth that the facts so sworn to were material to be known to said Clerk. The statute makes it the duty of the Clerk to administer the oath and distinctly requires the applicant to take it before he can obtain the license. Under these circumstances it is clear the indictment is good, and the demurrer should have been overruled.

The mode adopted in this case to present the rulings and judgment on the demurer, is, as we have said in *Avirett's case*, 76 Md. 515, entirely in accordance with the provisions of the Act of 1892, ch. 506.  Since the passage of this Act, appeals in criminal cases are upon the same footing as appeals in civil cases, and in neither case can an appeal be taken until after final judgment.  Formerly it was held, under the Act of 1872, ch. 316, and its amendments (Code Art. 5, section 77), now repealed and re-enacted by the Act of 1892, ch. 506, that the right to appeal in criminal cases was confined exclusively to cases where exceptions were taken in the course of the trial, and that, therefore, rulings upon a demurrer in such cases could not be brought here by *appeal*.  But now, under the Act of 1892, when judgment has been entered in a criminal case, the appeal brings up "both the exceptions and demurrer, or the demurrer alone, if there are no exceptions."  *Avirett's case, supra.*  We also held, in the case just cited, that Rule 1 of this Court, codified as section 4 of Article 5, "remains in force and is applicable whenever the record is removed to this Court by petition, as upon writ of error.  In other words, when a petition as upon writ of error is appropriately resorted to, that is where no exceptions are reserved, the provisions of Rule 1 must be observed; but where an appeal is taken under the Act of 1892, the whole record is brought up just as in a civil case."  And, therefore, if, as in this case, there is a judgment on demurrer and no exceptions, the rulings and judgment on demurrer may be brought up either by appeal or by petition as of writ of error.  If brought up in the latter mode, the provisions of Rule 1 must be complied with, and if by appeal, in the same manner as in civil cases.

*Judgment Reversed.*

(Decided June 19th, 1895.)