## KENDRICK & BROTHERS *vs.* WARREN BROTHERS COMPANY.

*Rulings on Demurrer Brought up for Review by Appeal from Final Judgment.*

An appeal from the final judgment in a civil action brings up for review the action of the trial Court in its rulings on demurrers to pleas and replications, and no bill of exception or writ of error designating the points of law is necessary.

*Decided February 10th, 1909.*

Appeal from the Superior Court of Baltimore City (EL-LIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*Charles F. Harley,* for the appellant.

*Thomas G. Hayes,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The motion to dismiss this appeal cannot prevail because the appeal is from a final judgment entered in the case on the 13th of March, 1908.

By sec. 2, of Art. 5, of Code of Public General Laws (1904), it is distinctly provided that from any judgment or determination of any Court of law in any civil suit or action or in any prosecution for the recovery of any penalty, fine or damages, any party may appeal to the Court of Appeals.

According to the docket entries set out in the record, on the 11th of March, 1908, a judgment in open Court, in favor of the plaintiff was entered on demurrer to rejoinder to replication to fourth plea, and on demurrer to replication to fifth

plea.   On the 13th of March, 1908, after the trial a judgment on verdict absolute was entered in favor of the plaintiff for $829.88/100.   And on the 8th of April, 1908, an appeal was directed to be entered, by the attorney for the defendant.   The appeal, was from the final judgment entered on the 13th of March, 1908, and this appeal brings up for review the rulings of the Court below on the demurrers. *Lawson* v. *Snyder,* 1 Md. 77; *Tucker* v. *State,* 11 Md. 329.

In *Lee* v. *Rutledge,* 51 Md. 318, this Court said: The action of the Court, upon the demurrer, has been made the ground of the first bill of exceptions.   This was an oversight, as it is hardly necessary to say, that questions of law, arising upon the pleadings and decided upon demurrer, are *ipso facto* apparent upon the face of the record, and not properly the subjects of bills of exceptions.

In *State* v. *Mercer,* 101 Md. 537, it is said: Under Article 5, sec. 80, of the Code as construed in *Averitt's Case,* 76 Md. 515, and *Floto's Case,* 81 Md. 602, the whole record including the demurrers is brought up by the appeal.

The grounds for the motion to dismiss are stated by the appellee in his brief, to be, "because there is no bill of exceptions in this appeal, and no petition for removal of the record as upon writ of error designating the points of law by which the appellant feels aggrieved as prescribed by Rule 1 of the Court."

There was no need for bills of exceptions or a writ of error, in this case because the appeal from the judgment brings up for review the rulings of the Court on the demurrers.   The motion to dismiss will, therefore, be overruled.

It appears, the suit in this case is between the same parties as in No. 45, decided at this term.   The demurrers in that case present the precise questions of law, involved on this appeal, and for the reasons stated and set out by us, in No. 45, the rulings of the Court, will be affirmed here.   There being no error upon the face of the record, the judgment appealed against will be affirmed.

*Judgment affirmed, with costs.*