ALBERT A. COCHRAN *vs.* STATE.   REUBEN D
SMITH *vs.* STATE.

*Appeals in criminal cases*: *demurrers; no exception necessary.*
*Primary Election Laws*: *penalties for violation; unlawful*
*neglect in counting ballots; indictment of judges.*
*Fraudulent count of ballots*: *recount under order*
*of Court; production and opening of ballot*
*boxes; certificates of canvassing boards.*
*Jury judges of law in criminal*
*cases*: *erroneous instruction by*
*Court. Grand Jury*: *pres-*
*ence of other persons*
*in room.*

After the acquittal of a party upon a regular trial on an in-
dictment for either a felony or misdemeanor, the verdict can
never be set aside, or a new trial granted, whether the ver-
dict be the result of a misdirection on a question of law, or a
misconception of fact by the jury.                    p. 544

An appeal by a traverser in a criminal case brings up for
review the rulings of the Court on the whole record, includ-
ing the Court's ruling on demurrers.                    p. 542

No exception is necessary in the ruling of a court upon a de-
murrer to an indictment.                    p. 547

Chapter 737 of the Acts of 1908, relating to primary election
laws, was repealed by Chapter 741 of the Acts of 1910.  p. 544

Where a repealing statute contains a substantial re-enactment
of the previous law, the operation of the latter continues
uninterrupted.                    p. 547

Petitions, affidavits and exhibits, although included in the rec-
ord, will not be considered on appeal to the Court of Appeals,
unless properly set out in bills of exceptions.                    p. 548

Ballot boxes are not to be opened so as to permit acts of sworn officers to be inquired into without an adequate and well-defined cause; yet when an indictment has been returned by a Grand Jury against election officials, it constitutes a *prima facie* case and presents a sufficient reason for a judicial examination of the ballot boxes. p. 551

Where a traverser, an election judge, is charged with neglect of duty, in counting and canvassing the ballots as voted, etc., the ballots kept as required by statute, and subject to the proper court in a judicial investigation, are the best evidence of which the case is susceptible. p. 551

The certificates of canvassing boards, etc., are conclusive in collateral inquiries, but they are only *prima facie* evidence in direct proceedings undertaken in court to correct the returns. p. 551

By section 5 of Article 15 of the Constitution, in all criminal cases the jury is the judge of the law as well of the facts.

p. 552

While the Court may give advice to the jury in criminal prosecutions, yet, if it is erroneous, and the jury followed it, to the injury of the traverser, it may be made the subject of an exception and may be corrected on appeal. p. 552

In the case of a prosecution of election officials under section 160N of Chapter 741 of the Acts of 1910, for *unlawful* neglect of duty, where the judge, in an advisory instruction to the jury, informed them that section 96 of Article 33 of the Code was applicable, which makes wilful neglect of duty an offense, with a penalty, etc., it constitutes reversible error.

p. 555

Where a Court in a criminal case gives an advisory instruction which is erroneous, too general, and assumes facts as proved which should have been left for the finding of the jury, and upon such segregated facts practically directs a verdict of guilty, it presents reversible error. p. 555

Where the Grand Jury indicts election officials for unlawful neglect to count ballots, etc., and sends for the sealed ballot boxes, the fact that one of the Police Commissioners pro-

duced the ballot box, and one of the Board of Election Supervisors was present to produce the keys, returns and tally sheets, etc., and was present while the Grand Jury counted the ballots, but did not participate in the count, and during their presence in the room no question was deliberated by the Grand Jury; *held*, that as the presence of such persons in the grand jury room did not in any way injure or prejudice the traverser, it does not present reversible error.      p. 557

On an appeal in a criminal case, where the only error is in the sentence imposed, the Court of Appeals, under section 81 of Article 5, may remand the record to the Court below in order that the Court may enter a proper judgment or sentence. But where there are other reversible errors, in addition to the error in the imposing of the sentence, the judgment must be reversed and a new trial awarded.      pp. 557-558

*Decided January 22nd, 1913.*

Two appeals from the Criminal Court of Baltimore City (ELLIOTT, J.).

The facts are stated in the opinion of the Court.

The two causes were argued together, with the cause of *Wagner* v. *State,* before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*Edward L. Ward* and *Harry B. Wolf,* for the appellant.

*Roland R. Marchant, William F. Broening* and *Edgar Allan Poe,* the Attorney General, for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The traverser was indicted in the Criminal Court of Baltimore for a violation of the Primary Election Law of the State as applicable to Baltimore City.

The indictment contains ten counts. He was tried and convicted on the ninth and tenth counts of the indictment and acquitted on the first to the eighth counts, inclusive. He was then sentenced to be confined in the Baltimore City jail for the period of two years, and to pay a fine of five hundred dollars and costs. From the judgment so entered he has taken this appeal, and as the appeal brings up for review the rulings of the Court on the whole record properly before us, including the demurrer, we will now proceed to consider them. Art. 5. sec. 80, *Code Public General Laws (Bagby's);* *Avirett* v. *State,* 76 Md. 515; *Kendrick* v. *Warren,* 110 Md. 76; *State* v. *Mercer,* 101 Md. 537; *State* v. *Floto,* 81 Md. 602.

The ninth count charges in substance, that the traverser on the 29th day of August, 1911, was a judge of election, in the Eighth Precinct of the Twenty-third Ward, of the City of Baltimore, at a primary election duly had and held, under and by virtue of the laws of the State of Maryland,

"And that the traverser on the said day, of the year named at the city, as such judge of election, at said primary election, unlawfully did neglect then and there to count the ballots cast in the precinct, for each and every candidate whose name did then and there appear on the ballots, opposite whose name a cross-mark had been then and there placed by the voter casting each of the ballots, in said precinct in said ward, at said primary election. And that as the result of the aforesaid unlawful negligence of the traverser, as such judge of election, the tallies, statements and returns of the votes and the result of the canvass of the votes cast in said precinct, at the primary election, did then and there wrongfully and falsely show that the ballots cast in the precinct, in the ward aforesaid, were as follows."

The tenth count charges, as set out in the indictment, that the traverser

> "on the siad day, in the year aforesaid, at the city as such judge of election, in the precinct, of the ward, in said °City of Baltimore, at the primary election, unlawfully did neglect then and there to canvass each of the ballots separately, and to then and there look at each of the ballots as the ballot was then and there canvassed by the judges of election, and tallied by the clerks of election, in said precinct, at said primary election; and that as the result of the aforesaid unlawful negligence of the traverser, as such judge of election, the tallies, statements and returns of the votes, and the result of the canvass of the votes cast in said precinct, in said ward, at said primary election, did then and there wrongfully and falsely show that the ballots cast in the precinct, in the ward, were cast therein and thereat for the several candidates for the Democratic nominations for the aforesaid offices, as follows."

The traverser demurred to the indictment and to each count thereof, and the demurrer was overruled by the Court below. In the course of the trial he reserved twelve bills of exceptions to the rulings of the Court upon questions raised and set out, in these exceptions, and after the verdict he filed a motion for a new trial and a motion in arrest of judgment, which were overruled by the Supreme Bench of Baltimore City.

As the important questions for our determination are presented by the demurrer, and on the bills of exceptions, we find it more convenient to consider them first. The remaining questions will be passed upon and discussed, in so far as we find them necessary, for the decision of the case.

It is contended upon the part of the appellant, that certain sections of Chapter 741 of the Acts of 1910 (p. 113), known as the Primary Election Law, in this State, and the sections upon which the ninth and tenth counts of the indictment rest,

have been repealed by Ch. 2 of the Acts of 1912, and there being no saving clause in the latter statute, of the offenses charged in the ninth and tenth counts, the indictment must fall and the prosecution fail.

It must be borne in mind, that we are now dealing exclusively with the ninth and tenth counts of the indictment, upon the traverser's appeal. He was acquitted upon the other counts of the indictment, and as was said by this Court in *State* v. *Shields,* 49 Md. 301, that after an acquittal of a party upon a regular trial on an indictment for either a felony or misdemeanor the verdict of acquittal can never afterward be set aside and a new trial granted and it matters not whether such verdict be the result of a misdirection of the judge on a question of law or of a misconception of fact on the part of the jury. *Birkinfeld* v. *State,* 104 Md. 258; 3 *Wharton's Crim. Law,* sec. 3221; 1 *Bishop's Crim. Law,* secs. 992 and 993.

It will be seen by reference to the various Acts of Assembly upon the subject of Primary Elections, in this State, that Chapter 737 of the Acts of 1908 (p. 103), was repealed by Chapter 741 of the Acts of 1910 (p. 113), as will appear by the following title of the Act of 1910:

"An Act to repeal sections 3, 4 and 5 of Chapter 737 of the Acts of 1908, relating to primary elections in the State of Maryland, and known as the Primary Election Law, and all the several and various provisions of said three sections of said Act, and to enact in lieu thereof new and other sections of Article 33 of the Code of Public General Laws, title 'Elections,' to be known as sections 160A, 160B, 160C, 160D, 160E, 160F, 160G, 160H, 160 I, 160J, 160K, 160L, 160M, 160N, 160 O, 160P, 160Q, 160R, 160S, 160T, 160U, and 160V, to come in after section 160 of said Article 33, under the sub-title 'Primary Elections,' regulating primary elections in the State of Maryland, for all candidates for public office of certain political parties in and for Baltimore City and the several counties

of the State, and to elect delegates to legislative, district, city and State conventions, and all members of managing bodies of certain political parties in and for Baltimore City and the several counties of the State, and all precinct, ward, city and county executives or executive committees."

As our inquiry here, has special reference to section 160L and section 160N of the Acts of 1910, we will set those sections out in full.

By section 160L, it is provided, that

"the provisions, all and singular, from section 87 to 115 of this Article, both inclusive, and the offenses defined and the penalties and punishments prescribed therefor in said sections, respectively, shall be fully applicable in all respects to the same persons, matters and omissions in connection with or pertaining to the primary elections or any primary election held under this Article, sub-title 'Primary Elections'; and said sections are hereby made applicable to all primary elections provided for and held hereunder; and any judge, clerk or other officer of any primary election, or any voter or other person who would be deemed guilty of any offense against the General Election Law, or under provision or provisions thereof, in a general election, who is found guilty of the same offense in any primary election, as herein provided for, shall be deemed guilty of the same crime of which his offense is made to consist by and under the General Election Law, and particularly under any of the above-mentioned sections, respectively, thereof, and shall be liable to the same punishment or penalty as is prescribed for such sections thereof; provided, that sections 160M, 160N, 160 O, 160P, 160Q, 160R, 160S, 160T, 160U and 160V hereof, with respect to offenses, penalties and punishments under the Primary Election Law, shall have full force and effect in all cases to which the same are applicable."

By section 160N of the Act of 1910, it is provided, that "any judge or clerk of such primary election, or any member of any committee, or of the governing body of any political party participating in primary elections under this sub-title, or any delegate to a convention or party executive, on whom any duty is required in this sub-title to be performed, who. shall be guilty of any wilful violation of any provision of this sub-title, or of any neglect or corrupt practice in executing the same, not otherwise provided for herein, he or they shall, upon conviction thereof, be punished by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), or by imprisonment in jail for not less than thirty days, nor more than ninety days, or by both such fine and imprisonment, in the discretion of the Court."

At the January Session of the General Assembly of the State, of 1912, the following Act (Chapter 2, Acts 1912) was passed the title of which reads as follows:

"An Act to repeal and re-enact with amendments sections 160A, 160B, 160E, 160F, 160G, 160H, 160K, 160L, 160U and 160V of Article 33 of the Code of Public General Laws of Maryland, title 'Elections,' sub-title 'Primary Elections,' as the said sections were enacted by Chapter 741 of the Acts of the General Assembly of 1910, and to add two new sections to said Article 33 of the Code of Public General Laws, to be known as sections 160W and 160Y of said Article 33, to come in after section 160V of said Article 33 under said sub-title 'Primary Elections,' all of said sections re-enacted with amendments and all of said added sections relating to the subject of primary elections; said section 160E, re-enacted with amendments, including provisions for a new general registration throughout the counties of Maryland and for registering the 'party affiliation' of voters; and said added section 160W prohibiting and penalizing bribery, corruption, intimidation and like practices in relation to primary

elections; and said added section 160Y providing for
appeals from the actions, decisions and returns of
judges of election, and recount and recanvass of the
ballots and declaration of the results thereof in pri-
mary elections; and repealing all other acts and parts
of acts inconsistent with this act."

By the Act of 1912, section 160L of the Act of 1910, was
repealed but re-enacted in the same words, except the penalty
upon the vote seller and etc., so as not to conflict with section
160W, which placed the penalty on the vote buyer alone.

Section 160N of the Act of 1910, it will appear, was not
repealed nor in any way affected by the Act of 1912, and was
clearly in force at the date, the alleged offenses charged in
the ninth and tenth counts of the indictment were committed,
and in order to remove any doubt, that might arise as to the
repeal of section 160N, it was distinctly provided in the re-
enactment of section 160L, by the Act of 1912, that sections
160M, 160N, etc., of this article with respect to offenses,
penalties and punishments under the Primary Election Law
shall have full force and effect in all cases to which the same
are applicable.

There is nothing in section 160L as re-enacted by the Act
of 1912, which can be construed to impose any additional
penalty or to affect the rights of any person under that sec-
tion or under section 160N of the Act of 1910, of which the
appellant can complain.

It is well settled by a long line of authorities "that where
a repealing law contains a substantial re-enactment of the
previous law the operation of the latter continues uninter-
rupted." *Lynn* v. *State,* 84 Md. 67; *Swan* v. *Kemp,* 97
Md. 686; *State* v. *Beard,* 74 Md. 130.

As was said by this Court in *Swan* v. *Kemp, supra, the*
subsequent legislation of 1888, Ch. 395, and 1900, Ch. 207,
repealing and re-enacting the Act of 1884, Chapter 485, did
not repeal it in the sense of obliterating it and doing away
with its object and effect, but was enacted in furtherance of

the object of the Act which it thus repealed and re-enacted. The latter was substantially re-enacted, and the main and fundamental provisions thereof were preserved and embodied in the new law.

We have examined the ninth and tenth counts of the indictment and find they correctly charge the offenses set out in section 160N of the Act of 1910, and as this section was in no way repealed or affected by Chapter 2 of the Acts of 1912, we think the traverser's demurrer was properly overruled.

As the motion to quash the indictment presents the identical question, as the demurrer upon the question of repeal, that motion was also properly overruled.

In the first bill of exception the traverser seeks to have us review the ruling of the Court in overruling a motion for a removal of the case to another jurisdiction for trial upon a suggestion, affidavit and exhibits submitted to the Court below.

While the petition, affidavit and exhibits appear in the record, they are not set out or contained in the bill of exception, as required by Article 5, secs. 10 and 80 of Code Public General Laws, and will not be reviewed by us. 2 Vol. *Poe's Practice,* sec. 310, Ch. 18; *Mitchell* v. *State,* 82 Md. 530; *Brashears* v. *Orme,* 93 Md. 442; *Nesbit* v. *Dallam,* 7 G. & J. 494.

In *Balto. and P. R. R. Co.* v. *Church Trustees,* 91 U. S. 127, it is said, that neither depositions, nor affidavits in the transcript are a part of the record unless they are embodied in an agreed statement of facts or bills of exceptions, etc.—, and where they are not part of the record—so far as the same depend upon the affidavits, etc., they present no question for examination by the Court.

The second exception is to the refusal of the Court to sustain the traverser's demurrer to the indictment. It is hardly necessary to say that rulings of the Court upon a demurrer are not properly the subject of a bill of exception. The whole record as we have said included the demurrer is

brought up by the appeal from the final judgment. *Lee v. Rutledge,* 51 Md. 318; *Kendrick v. Warren Bro's,* 110 Md. 76.

The third exception was to the refusal of the Court to grant a motion to quash the indictment. The fourth was to the ruling of the Court in refusing to permit appeals to be sent at once to this Court from the order overruling the motion for the removal of the case, and from the order overruling the motion to quash the indictment. The fifth was to the order of Court in directing the traverser to be arraigned and in directing the clerk of the Court to enter a plea of not guilty upon the traverser declining to plead upon arraignment to the indictment.

Assuming that the proportions contained in these exceptions (third, fourth and fifth), are properly before us, it is too clear for argument that the rulings of the Court thereon were entirely correct, and as we do not understand that they were pressed at the hearing, they need not be further considered.

The sixth, seventh, eighth, ninth, tenth and eleventh exceptions contain rulings of the Court upon the admissibility of evidence, taken in the course of the trial and will now be examined by us.

The sixth contains an objection on the part of the traverser, to the offer of the State, to introduce as evidence the Democratic ballot box of the eighth Precinct of the Twenty-third Ward. The Court below overruled this objection and permitted the ballot box to be admitted as evidence.

The seventh exception was taken to the following order passed by Judge Elliott, the judge of the Criminal Court sitting at the time of the trial, upon the request of the State.

"It is further ordered by the Criminal Court of Baltimore City this 20th day of June, nineteen and twelve, on motion of the State's Attorney for Baltimore City, that the ballot box containing the Democratic ballots cast at the Primary Election held on the

twenty-ninth day of August, nineteen hundred and
eleven, in the Eighth Precinct of the Twenty-third
Ward, heretofore produced in this Court at the trial
of the above-entitled cause by the Board of Police
Commissioners of Baltimore City on an order of this
Court, passed on the ____ day of June, nineteen
hundred and twelve, be opened and the ballots therein
contained be submitted for inspection by the jury as
evidence in this cause, and that thereafetr said ballots
be .immediately returned to said box, and said box be
resealed by the Court, and redelivered to said Board of
Police Commissioners.

THOMAS IRELAND ELLIOTT,
*Judge."*

The eighth relates to the opening of the ballot box by the
judge. The ninth to certain instructions to the jury by
JUDGE ELLIOTT, as to the count and inspection of the ballots
by them. The tenth to the count of the ballots by. the jury
and the eleventh to the refusal of the Court upon the objec-
tion of the State to permit the traverser to answer the fol-
lowing question in the course of his examination in chief,
as a witness in his own behalf: "Was there any under-
standing or agreement as to how the vote was to be called"?

It would answer no useful purpose, even if it was desirable
to discuss these exceptions in detail, because they are of a
kindred nature, and we are satisfied after a careful exam-
ination of each of them, that the Court committed no error
in its rulings on the questions presented by them.

By Section 78 of Article 33, Code of Public General
Laws, it is distinctly provided that the board of supervisors
of elections, upon receiving the ballot boxes and the key,
shall among other things deliver them, sealed to the clerks
of the Circuit Courts for their respective counties, or to the
Board of Police Commissioners of Baltimore City, as the
case may be, who shall put them in a secure place to which
the public shall in no case have access, and shall safely keep

them for the space of six months from the day of such
delivery, at which time, unless previously notified to produce
the same to be used in evidence in some contested election or
judicial or legislative investigation then pending, said board
of supervisors shall destroy or cause to be destroyed said
ballots and poll-books, also all of the said tallies and state-
ments or returns, and shall record in the same book a certifi-
cate of the fact.

. While ballot boxes are not to be opened so as to permit
the acts of sworn officers, to be enquired into, without an
adequate and well-defined cause, yet when an indictment
has been returned by a Grand Jury, there can be no question
that a sufficient *prima facie* case has been made out.

In the case at bar, the traverser was charged in the ninth
and tenth counts of the indictment with a neglect of duty
in counting and canvassing the ballots as voted in a named
precinct of the Twenty-third Ward of Baltimore, and it
seems to us to be clear that the ballots which had been kept
as required by the statute, and subject to the order of the
proper Court, in a judicial investigation, was "the best
evidence of which the case in its nature was susceptible".

In *Leonard* v. *Woolford*, 91 Md. 634, it was held by this
Court, that the language of section 78 of our statute was a
plain recognition of the common law doctrine as stated by
JUDGE COOLEY in his work on *Constitutional Limitations*,
page 625, that while the certificate of the various canvassing
boards are conclusive in collateral inquiries, they are only
*prima facie* evidence in direct proceedings in the Courts,
which go back of this *prima facie* case and correct the returns
from the ballots themselves, when they are still in existence
and have been kept as required by law.

The language of the statute in this case is clear and
positive that the sealed ballot boxes used and the ballots
cast at any election may be "used in evidence in any con-
tested election or judicial or legislative investigation then
pending" when previously kept and produced in the mode
and manner, prescribed by the statute.

The provisions of the statute, relating to the custody and protection of the ballot box and its contents appear to have been properly complied with in this case to have authorized the action of the Court in its rulings as set out in the sixth, seventh, eighth, ninth, tenth and eleventh exceptions, and we find no error in any of them.

The twelfth exception presents the action of the Court, at its own instance, and against the objection of the counsel for the traverser, upon the conclusion of the argument of the case before the jury, in submitting what is called an instruction of its own, to the jury.

This instruction covers about four pages of the record and is presented upon a general exception to the whole instruction. It was intended to apply to all ten counts of the indictment, but as the traverser was only convicted upon the ninth and tenth counts thereof and was acquitted on the others, it is clear that he was in no way injured by it, in so far as it reflected upon the first to the eighth counts, inclusive.

By Section 5, Article 15 of the Constitution of this State, it is distinctly provided that in the trial of all criminal cases, the jury shall be the judges of law as well as of fact," and in a number of cases in this Court from *Franklin* v. *State,* 12 Md. 236, to *Luery* v. *State,* 116 Md. 292, it has been repeatedly held that the Court has the right to advise the jury in a criminal case, although it is not bound and cannot be required to do so. If the instruction however given be erroneous and the jury have followed it to the plain injury of the traverser though in a mere advisory form, it may be made the subject of an exception and corrected on appeal. *Luery* v. *State,* 116 Md. 292; *Esterline* v. *State,* 105 Md. 636; *Dick* v. *State,* 107 Md. 11; *Swan* v. *State,* 64 Md. 423; *Guy* v. *State,* 96 Md. 699; *Beard* v. *State,* 71 Md. 275.

While the traverser does not point out specifically in the exception the part or parts of the instruction which he regards as error, we think, a reading of the instruction itself is suffi-

cient to show, that it tended to mislead and prejudice the jury to the manifest injury of the traverser, on the ninth and tenth counts of the indictment.

This instruction was not only a wide departure from the well settled practice in this State, in submitting advisory instructions to juries in criminal cases, but it disregarded the limitations and restrictions fixed by this Court, in similar cases, cited herein.

It is insisted by the traverser that the Court erred in its instructions to the jury upon the law applicable to the ninth and tenth counts of the indictment and in this objection we all concur.

Upon the law the Court said to the jury, after instructing them as to the first eight counts of the indictment.

"If, however, he did not actively participate in a fraud upon the voters of that precinct, but did allow the fraud to be committed when it was his duty under the law to see that no fraud should be committed, and he was put there for that purpose, and he tells you that he saw each and every one of those ballots which went through his hands, and you gentlemen of the jury find from the evidence in this case that the returns, as made, did not correctly report the condition of the ballots, he is likewise guilty.

The law intends, and was passed for the purpose of prventing any false returns; and in ch. 202, s. 88 of the Acts of 1896, it says this: If any judge or clerk of election, or any officer of registration, revision, election or canvass, of whom any duty is required in this article, or by any other election law of this State, shall be guilty of any wilful neglect of such duty, or any corrupt or fraudulent conduct, or practice in the execution of the same, he shall upon conviction thereof be punished by imprisonment in jail, for not less than thirty days, nor more than three years, or by a fine of not less than fifty dollars, nor more than one thousand dollars, or by both fine and imprisonment.

I respectfully submit to you that if this traverser, being one of the judges of this precinct, being present at the count, and taking part in the count, permitted a fraud to be perpetrated on the voters of that precinct by someone else in that room at the time the count was made, he is likewise guilty.

And the law was intended, not only to prevent any active fraud, but to prevent any fraud being permitted to occur by the judges of election, because the judges were appointed, charged with the duty and responsibility to see that the returns were made by them in accordance with the vote as cast.

Now, gentlemen of the jury, in the remarks which I have made to you I have not sought in any way to make a verdict for you. Under the law of the State of Maryland, you gentlemen of the jury are the judges of the law and the fact.

That does not mean, however, that, being the judges of the law and the facts, you have a right to set at naught the plain provisions of the law, about which nobody could have any difference; and I suggest to you that the provisions of this election law which I have read to you are perfectly plain in their meaning, and the object of their enactment is perfectly plain; and in the remarks which I have made to you I have simply undertaken to give you my opinion of this election law; but I do so, gentlemen, with the caution which I desire to give you, and that is this: You have heard the arguments of the counsel for the State and the counsel for the defendant. You can disregard their arguments; they are made to you by way of suggestion. You can disregard what I have said to you, and treat the suggestions which I have given to you as of no effect whatever, because, gentlemen of the jury, under the law of Maryland, the jury are made the judges of the law and the facts; and I have ventured to give the views I have of this case simply and solely in order, if possible, to give you some assistance in the decision of the questions that are before you.

· I have nothing whatever to say to you, as I have no right to say to you, whether you shall find this traverser guilty or not guilty. That is the question you must settle for yourselves."

Now, if it be true, as conceded by the State in this case that the ninth and tenth counts of the indictment rest and are based upon section 160N of the Act of 1910, which punishes any unlawful neglect in executing the same, then, the instruction was clearly erroneous, in directing the jury that section 88 of Chapter 202 of the Acts of 1896 (section 96 of Article 33 of the Code), was applicable, which makes wilful neglect of duty, the offense. They are not the same offenses but different punishments are provided under the statutes.

CHIEF JUDGE SHAW, in *Commonwealth* v. *Kneeland,* 20 Pick. 206, said, the word "wilfully" in the ordinary sense in which it is used in statutes, means not merely "voluntarily," but with a bad purpose. *Commonwealth* v. *Turner,* 8 Bush. (Ky.) 1.

We have found no case in this State, in which the Court has gone to the extent, in instructing a jury upon the law and the facts, as it did in this case.

The instruction, it will be seen, was not only too general, but it assumes as proved, facts which should have been submitted to the jury for them to find, and upon those segregated facts the Court practically directed a verdict of guilty. The Court in the concluding part of the instruction told the jury, that "I have ventured to give the views I have of this case, simply and solely in order, if possible, to give you some assistance in the decision of the questions that are before you."

In *Coffin* v. *Brown,* 94 Md. 203, it was said, if a written instruction had been granted to the effect of what we have quoted, there could be no doubt that it would have been error and such statements in the presence of the jury were calculated to greatly injure the defendant and perhaps made it useless for his counsel to argue that question before the jury.

We think the Court's instruction in this case was calculated to have prejudiced the jury in its finding and to prevent a fair and impartial verdict in the case, and without discussing it further, we hold, that it was reversible error. *Butler* v. *State,* 59 Southern Reporter, 845; *Rosenkovitz* v. *United Ry. Co.,* 108 Md. 316; *Meno* v. *State,* 117 Md. 435; *United Ry.* v. *Carneal,* 110 Md. 232; *Guy* v. *State,* 96 Md. 696; *State* v. *Dick,* 60 N. C. 440; *Whitley* v. *State,* 38 Ga. 50; *Crawford* v. *State,* 44 Ala. 45.

The remaining question, that is necessary to be considered arises upon a motion to quash the indictment.

The ruling complained of on the motion to quash, is presented by the third bill of exception and under *Hooker* v. *State,* 98 Md. 145, is reviewable by this Court on appeal from the final judgment. All the reasons assigned for the motion have been fully considered by us in this opinion except the one raised on this exception, and that is as follows, because there were certain persons in the Grand Jury room at the time the grand inquest for the City of Baltimore was counting and canvassing the ballots cast in the Eighth Precinct of the Twenty-third Ward on August 29, 1911, and that such persons had an opportunity to hear, see and ascertain the proceedings of the Grand Jury which is contrary to the Constitution of the State of Maryland and the law of the State of Maryland in such cases provided, and by reason thereof the indictment herein is illegal and void.

In support of the motion the traverser offered the testimony of Mr. John B. A. Wheltle, the president of the Board of Police Commissioners of Baltimore City for the year 1911, and the testimony of Mr. Harry W. Nice, a member of the Board of Election Supervisors of Baltimore City for the year 1911.

It appears that both Messrs. Wheltle and Nice were present in the Grand Jury room under an order of Court, one to produce the box, of the Eighth Precinct of the Twenty-third

Ward, and the other to produce the keys, returns and tally sheets of that precinct and ward.

Both of these witnesses testified that they did not participate in the count of the ballots and upon cross-examination testified, that during their presence in the room the Grand Jury did not deliberate upon any questions before it.

The Grand Jury had an undoubted right, under section 76, Article 33 of the Code, to have the ballot-box and ballots before them in a judicial investigation, such as was then pending, and it is apparent that the traverser was in no way injured or prejudiced by the presence of Messrs. Wheltle and Nice in the Grand Jury room for the purpose and in the manner testified by them. *Hooker* v. *State,* 98 Md. 156; sec. 24, Art. 3 of the *Constitution; State* v. *Brewster,* 70 Vermont, 341; *State* v. *Bates,* 148 Ind. 612.

It will be seen, that the traverser was sentenced by the Court below to be confined in the Baltimore City jail for the period of two years and to pay a fine of five hundred dollars and costs.

The punishment provided by section 160N of the Acts of 1910, applicable to the counts of the indictment upon which the traverser was convicted is altogether different from the one here imposed, to wit, a fine of not less than one hundred dollars nor more then five hundred dollars or by imprisonment in jail for not less than thirty days, nor more than ninety days or by both such fine and imprisonment, in the discretion of the Court.

For an error in the rendition of the judgment or sentence in this respect this Court upon reversal of the judgment, could remand the record to the Court below, in order that the Court might enter a proper judgment under Article 5, section 81, Code of Public General Laws. *Lynn* v. *State,* 84 Md. 82; *Goeller* v. *State,* 119 Md. 61.

But as we have held, there was reversible error, in addition to the error in the imposition of the sentence and as we

think, the traverser was prejudiced by this error, the judgment must be reversed and a new trial awarded.

As was said by this Court in *Goeller* v. *State, supra,* no consideration can justify a Court in depriving an alleged violator of law of a right guaranteed by the Constitution of the State to him.

The appeals from the various orders passed during the progress of the trial, except the appeal of the 22nd of August, 1912, from the final judgment rendered herein, will be dismissed, as it is manifest they were not at the time appealable orders, and the questions raised thereon, are reviewable on appeal, from the final judgment. *State* v. *Floto,* 81 Md. 602; *McCadden* v. *State,* 100 Md. 670; *Hooker* v. *State,* 98 Md. 145; *State* v. *Tag,* 100 Md. 594; *Ridgley* v. *State,* 75 Md. 510; *Meno* v. *State,* 117 Md. 435.

For the reasons stated the judgment below must be reversed, and a new trial will be awarded.

*Judgment reversed and new trial awarded.*