THE STATE OF MARYLAND *vs.* TIMOTHY SHIELDS.

*Rule of the Common Law in respect to a Verdict of acquittal on an Indictment for a felony or misdemeanor, on the application of the Prosecutor to have it set aside—Construction of the Act of 1872, ch. 316, providing for Appeals in Criminal Cases—Court of Appeals not required to express opinions upon mere Moot questions or abstract propositions—When the Court of Appeals is required to notice Exceptions by the State in Criminal Cases, on Appeals by the State.*

It has always been a settled rule of the common law, that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterwards on the application of the prosecutor in any form of proceeding be set aside, and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the Judge on a question of law, or of a misconception of fact on the part of the jury.

The Act of 1872, ch. 316, providing for appeals in criminal cases, contains no power to grant a new trial in a case where the accused has been duly acquitted. No provision is made for suspending the effect of a verdict of acquittal, or the entry of judgment thereon in favor of the accused, if that be necessary for his discharge, pending an appeal by the State's attorney, or for keeping him in the meantime in custody, or requiring him to give bail.

In the absence of anything in the Act of 1872, ch. 316, either express or implied, authorizing the Court of Appeals to award a new trial to the State in a case where the verdict was in favor of the accused, the common law rule in respect thereto must be adhered to.

The Legislature has never undertaken, even if it had the power to do so, to confer jurisdiction, and require the Court of Appeals to express opinions upon mere moot questions or abstract propositions. The Constitution requiring the Court to file an opinion "*in every case,*" and providing that its judgment therein shall be "*final and conclusive,*" contemplates some action by the Court which shall be effective and binding upon parties on both sides of causes brought here by appeals or writs of error.

The Court of Appeals is required to notice exceptions by the State in criminal cases, on appeals by the State, *only in cases where the parties accused have been convicted*, and have also taken exceptions and appeals. In such a case, if it shall be found there was error in the rulings excepted to by the accused, so that a new trial can be awarded him, it will then become the duty of the Court to consider and determine all questions raised by the State on its appeal, so that in the new trial the Court below can be guided by the judgment of this Court on all such questions as well as on those raised by the appeal of the accused.

APPEAL from the Circuit Court for Harford County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY and ROBINSON, J.

*Charles J. M. Gwinn*, Attorney-General, for the State.

*Henry W. Archer*, *Herman Stump*, *Jr.* and *William Young*, for the traverser.

MILLER, J., delivered the opinion of the Court.

This record shows that Timothy Shields was indicted in the Circuit Court for Harford County, for the crime of forgery, that to the indictment he pleaded not guilty, and upon his trial before a jury was acquitted by their verdict. There is nothing to show there was anything in the proceedings making the trial what the law characterizes as a mis-trial. On the contrary no objection was made to the indictment, the accused was duly arraigned, the trial regularly conducted, and the verdict of not guilty rendered in due form and duly recorded. It appears, however, that in the course of the trial three exceptions were taken by the State's attorney to the rulings of the Court in admitting certain testimony offered by the accused. These exceptions were signed by the Judge some days

afterwards, and the question is, are they properly before this Court for review?

It has always been a settled rule of the common law that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterward, on the application of the prosecutor, in any form of proceeding, be set aside and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the Judge on a question of law, or of a misconception of fact on the part of the jury. 2 *Hale's P. C.,* 310; 2 *Hawk's P. C., Book* 2, ch. 47, sec. 12; 3 *Whart. Amer. Cr. Law,* sec. 3221; 1 *Bishop's Cr. Law,* secs. 992, 993. This cardinal rule has been clearly and definitely settled in England, and has never been modified by legislation there, nor in any other State in this Union, nor indeed, so far as we are aware, in any other country where trial by jury under the common law prevails. Has it been abrogated in Maryland, and is this Court now clothed with the power to set aside such a verdict and award a new trial? We cannot so decide, unless we find some clear and definite expression of the legislative will to that effect. We cannot impute to the Legislature the intention to overturn a rule like this, founded in the benevolence and mercy of the common law, which has prevailed here since criminal law was first administered in Colonial times, and which no Court of this State has ever hitherto attempted to disregard, without some statutory provision plainly indicating a purpose to subvert it. We should not be justified in inferring such intent from doubtful language or ambiguous expressions in any statute. Now, the Act of 1872, ch. 316, is the only law from which an inference even can be drawn that such power has been committed to this Court. That Act provides that in all criminal trials it shall be lawful for the accused, or for the State's Attorney, in behalf of the State, to except to any ruling of the Court, and to tender a bill

of exceptions, which shall be signed and sealed by the Court, as is now practiced in this State in civil cases, and the party tendering such exceptions may appeal from such ruling to the Court of Appeals, "*provided*, that the counsel for the accused shall make oath that such appeal is not taken for delay; and such appeal shall be heard by the Court of Appeals at the earliest convenient day after the same shall have been transmitted to the said Court; and after such appeal shall be entered, no judgment *shall be rendered against the accused* until the Court of Appeals shall have determined upon the exceptions and remanded the cause to the Court below." Here the power is plainly enough given to this Court where the verdict is against the accused, and upon his appeal, to reverse the rulings if we find them erroneous, and award *him* a new trial, or to affirm the rulings, if we find them correct, and remand the case in order that the proper sentence of the law may be passed upon him by the Court before which he was tried. Such has been our understanding of this law, such our action under it, and such in effect are its express provisions. But we find no such power over a new trial given, and no such provision made, in a case where the verdict is in favor of the accused. No provision is made for suspending the effect of a verdict of acquittal, or the entry of judgment thereon in favor of the accused, if that be necessary for his discharge, pending an appeal by the State's Attorney. It is not said he shall in the mean time remain in custody or under bail, or that the Court of Appeals shall award a new trial to the State, and, as we have said, in the absence of an express direction to that effect, or of some provision in which that power is necessarily implied we cannot exercise it. No such direction or implication is to be found in this Act, and we are all clearly of opinion it confers no power upon this Court to interfere with the common law effect of such a verdict.

It follows that this verdict must stand as an effective protection to the accused, whether we may be of opinion

the rulings excepted to by the State's attorney are correct or not. Are we then required to review them? The jurisdiction of this Court, conferred by the Constitution, is an appellate jurisdiction over *causes* between *parties* "such as now is or may hereafter be prescribed by law." The Legislature has never undertaken, even if it would have the power to do so, to confer jurisdiction and require the Court of Appeals to express opinions upon mere moot questions or abstract propositions. The Constitution requires the Court to file an opinion in writing "*in every case,*" and its judgment therein is declared to be "final and conclusive." All this contemplates some action by this tribunal which shall be effective and binding upon parties on *both sides* of causes brought here by appeals or writs of error. But no result to either party in this cause in the Court below would follow any opinion we may express in regard to these rulings, and we can take no action and render no judgment that can have any effect whatever on either of them. An affirmance of the rulings will not render the verdict of acquittal more secure to the accused, nor will a reversal of them enable the State to re-try him. He is in fact *no party* to this appeal, and there is no *cause* in the legal and constitutional sense of that term before us. The verdict has forever discharged him from this offence, and he is under no obligation to employ counsel to argue these points before us, nor can we require him to do it, or appoint counsel to discharge that duty. In truth he is not brought here by this appeal, and we have no power or jurisdiction over him. But it may be said it was the intention of the Act of 1872, in granting appeals by the State to have this Court pass upon and settle the criminal law on all controverted points the several State's attorneys for the counties and city of Baltimore may choose to raise in all criminal trials. But if that was the purpose, and it was competent for them to impose that duty, the Legislature would certainly have

provided some means by which such important questions could be argued on *both sides,* and would not have left them to be determined upon mere *ex parte* arguments on behalf of the State. It is plain, therefore, that we must place such a construction upon the clause in this Act granting appeals by the State as will make it harmonize with the rule of the common law to which we have adverted, and be consistent with the constitutional power and jurisdiction of this Court. Such construction is not difficult of discovery or of application, and it is this: The Court of Appeals is required to notice exceptions by the State in criminal cases, on appeals by the State; only in cases where the parties accused have been *convicted,* and have also taken exceptions and appeals. In such a case, if it shall be found there was error in the rulings excepted to by the accused, so that a new trial can be awarded him, it will then become the duty of this Court to consider and determine all the questions raised by the State on its appeal, so that in the new trial the Court below can be guided by the judgment of this Court on all such questions, as well as on those raised by the appeal of the accused. That, in our judgment, is the true construction and effect of this clause of the statute, and, according to the views we have presented, is the only possible construction and effect that can be given to it. In these views the attorney-general concurs; and has, in fact, suggested and presented most of them in the brief he has filed on this record.

We have announced in this opinion that an appeal was actually taken by the State's attorney. The record, however, does not show any such appeal. Whether this resulted from a clerical mistake in not entering it, or whether the State's officer determined not to appeal after the exceptions had been signed, does not appear. We should dismiss the appeal if it had been taken, and that, as the

record stands, seems to us the best and only mode of disposing of the matter, and we shall so order.

*Appeal dismissed.*