# THE STATE OF MARYLAND *vs.* MOSES CAMPER, JR.

*Intoxicating Liquor—Sufficiency of Indictment.*

The Act of 1896, ch. 332, prohibiting the sale of liquor in Dorchester County, provides that if any person within that county shall directly or indirectly sell or otherwise dispose of by way of barter any liquors, etc., " or shall therein take any order or orders therefor," then such person shall be guilty of a misdemeanor, etc. A count of the indictment in this case charged that the defendant " did unlawfully take an order from said A. B. for one pint of whiskey, contrary," etc. *Held,* that since the charge in the indictment is in the words of the statute, it is a sufficient description of the offense, and a demurrer thereto should be overruled.

Appeal from the Circuit Court for Dorchester County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ.

*Isidor Rayner*, Attorney-General, for the appellant.

No appearance for the appellee.

PAGE, J., delivered the opinion of the Court.

The defendant in this case was indicted by the grand jury. for Dorchester County, for a violation of Article ten of the Code of Public Local Laws, sub-title, Dorchester County, as amended by chapter 332 of the Acts of 1896. The indictment contained two counts, both of which were demurred to by the defendant. The Court overruled the demurrer to the first count, but sustained it as to the second. The question before this Court, is as to the sufficiency of the count thus condemned by the lower Court.

The second count charges that the defendant " did unlawfully take an order from said Guy L. Bryan, for one pint of whiskey, contrary, etc"; and it is contended that these words do not sufficiently describe the offense within the meaning of the statute. The words of the statute are, " if any person or persons, firm or corporation within, etc., shall

directly or indirectly sell or otherwise dispose of by way of barter any such liquors, medicated bittters or alcoholic compounds, or shall therein take any order or orders therefor, then such person or persons, etc., shall be guilty of misdemeanor, etc. " The words " take any order or orders therefor," are descriptive of the offense, and in such case it is proper that the indictment " should follow, in substance at least, the language of the statute." *Kearney* v. *The State*, 48 Md. 24. In the case at bar the charge in the indictment is in the words of the statute and it is well settled that it is sufficient to describe the offense in the words of the statute creating it. *Gibson* v. *State*, 54 Md. 451; *State* v. *Bixler*, 62 Md. 357; *Mincher* v. *State*, 66 Md. 227; *Dickhaut* v. *State*, 85 Md. 464.

In such case the words employed to describe the offense have the same meaning as should be given them, upon a fair and proper construction of the statute ; and it therefore follows that the burden of proving every fact essential to constitute the offense, rests upon the State, to the same extent and as fully as if such facts had been particularly set out in the indictment. The judgment of the lower Court was therefore erroneous.

*Judgment reversed and remanded.*