# WM. B. McCADDIN *vs.* THE STATE OF MARYLAND.

*Writ of Error in Criminal Cases— Insufficient Assignment of Errors.*

The allegation in a petition for a writ of error that the trial Court erred in overruling the defendant's demurrer to certain counts of the indictment, with no designation of the question of law involved in the ruling, is not a sufficient assignment of error under Rule 1, of the Court of Appeals, which directs that the petition for the writ, addressed to the trial Court, shall plainly designate the questions of law by the decision of which the petitioner is aggrieved, and that no question not so designated shall be determined by this Court.

Matters of fact not authenticated by a bill of exceptions, or appearing upon the face of the record, cannot be made the subject of an assignment of error. Therefore the allegations in a petition for the writ that the prosecuting attorney used certain objectionable language in addressing the jury, and also that the defendant's counsel was not permitted by the Court to argue a certain question before the jury, are not sufficient assignments of error, because they relate to matters *dehors* the record.

Writ of error to the Criminal Court of Baltimore (WRIGHT, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Charles R. Schirm* (with whom was *J. Cookman Boyd* on the brief ), for the appellant.

*Eugene O' Dunne, Deputy State's Attorney for the City of Baltimore* (with whom was *William S. Bryan, Jr., Attorney-General,* on the brief ), for the appellee. .

PAGE, J., delivered the opinon of the Court.

The appellant in this case was indicted for a violation of sections 78B and 78C of ch. 358 of the Acts of 1902. The indictment contains five counts: to the first, second, third, fourth and fifth counts the appellant demurred. The Court

overruled this demurrer and the case having proceeded to trial, the appellant was convicted. He thereupon prayed a writ in the nature of a writ of error, designating in his petition the following points by the decision of which he felt himself aggrieved, viz:

"1st. That the Court overruled the demurrer to the first, second, third, fourth and fifth counts of the indictment.

"2nd. That by the judgment the Court determined that the first, second, third, fourth and fifth counts of said indictment were sufficient in law and refused to quash the same, whereas the said counts in said indictment were not sufficient in law. .

"3rd. That the attorney for the State of Maryland in his argument before the jury used the following language, viz: 'All cases have their surprises, but the surprise of this case is the defense has introduced no testimony, but has had the temerity to rely upon the testimony of the State,' (after exception to this language had been made to the Court), he continued as follows: 'If my brother had permitted me to complete my sentence I had intended to say that no inference whatsoever is to be drawn against the traverser because he had not testified.'

"4th. That the attorney for defendant was prohibited by the Court from arguing to the jury that the law was inoperative because there was no penalty provided, the Court using the following language: 'The Court having decided in this case on demurrer, that there was a penalty that could be imposed for violating the sections involved and counsel for defendant undertaking to argue that there could be no conviction for lack of a penalty the Court stopped counsel and decided he could not argue that question.'

The Court thereupon ordered that "the foregoing application is allowed and the record be transmitted as prayed."

Upon this condition of the record, the Attorney-General of the State has moved to dismiss the writ because there is no sufficient assignment of error under the rule of Court.

Rule 1, thus referred to, provides that the party "applying to have the record removed as upon writ of error in cases

where by law writs of error are allowable shall, by brief petition, addressed to the Court in which the case was tried plainly designate the points or questions of law, by the decision of which he feels aggrieved * * * and no point or question not thus plainly designated in such application shall be heard or determined by the Court of Appeals." This Court in the case of the *State* v. *Scarborough*, 55 Md. 348, has stated the proper construction and scope of this rule. It is there said, the object of the rule "was to prevent surprise and the raising of new points and objections in this Court for the first time, and which, perhaps, if they had been suggested to the Court below would have been met and the necessity for the bringing the record here avoided. To assign as error the overruling or sustaining a demurrer, or the overruling or sustaining a motion in arrest of judgment, without designating specially the point or question of law involved in the ruling of the Court below, is no sufficient assignment within the meaning and object of the rule." The rule also precludes this Court from deciding any other questions or points of law than those that are plainly designated in the assignment of errors. *State* v. v. *Fox*, 51 Md. 414.

The assignment of errors contained in the first and second paragraphs of the petition are therefore too vague and indefinite to satisfy the rule and cannot therefore be now considered.

The third and fourth assignments must also be so regarded. They refer to matters of fact not appearing on the face of the record. Neither the facts therein stated, nor the rulings of the Court, if any were made, form a part of the record of the case, and therefore the proper mode of presenting them to this Court for review, was through the medium of a bill of exceptions. 2 *Poe Pl. & Prac.*, sec. 310, *et seq; Albert* v. *State*, 66 Md. 334. Ordinarily a writ of error brings up only what is apparent upon the face of the record. *Avirett* v. *State*, 76 Md. 515, 516; 2 *Poe Pl. & Prac.*, sec. 817.

It was said in the case of *Clare* v. *State*, 30 Md. 172. "A writ of error, after final judgment, brings up for review the

record of the proceeings below, including the presentment, indictment, arraignment, the pleas, suggestion of prisoner and order thereon for removal, the issues, judgment of the Court finding the facts, deciding the law thereon, overruling certain of the pleas, sustaining demurrer to others, and giving to the prisoner leave to further answer prisoner's suggestion to suspend the trial upon the production of the writ of error, judgment overruling the same, plea ot not guilty, verdict of the jury, motion in arrest of judgment and the overruling thereof, and the final judgment and conviction of the prisoner." *Clare* v. *State*, 30 Md. 172. "While matters of fact *per se* are not subjects of review here, yet when the facts are found by the Court below, and embraced in its decision and made part of the record thereof, we cannot determine as to the correctness. of the judgment without regard to the facts therein referred. to." But when such facts are thus needed they can only be presented to this Court by a bill of exception, properly taken and signed. *Natl. Bk.* v. *Armstrong*, 66 Md. 119.

The writ of error must therefore be quashed.

*Writ quashed.*

(Decided March 22nd, 1905.)