STATE OF MARYLAND *v.* CHARLES ROSEN, ET AL.

[Nos. 42 and 43, October Term, 1942.]

*Decided November 19, 1942.*

The causes were argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Robert E. Clapp, Assistant Attorney General,* with whom were *William C. Walsh, Attorney General, J. Bernard Wells, State's Attorney,* and *Thomas N. Biddison, Assistant State's Attorney of Baltimore City,* on the brief, for the appellant.

*Ben B. Sellman,* with whom were *Samuel S. Levin* and *Paul B. Mules* on the brief, for the appellees.

JOHNSON, J., delivered the opinion of the Court.

Charles Rosen, Louis Rosen, Florence Rosen, Meyer Seidel and Gladys Wilson were indicted by the Grand Jury of Baltimore City, the three first named for selling bets on horse races and the two last named for conducting a lottery. The cases were later consolidated and the traversers elected to be tried together before the court. Later a search and seizure warrant was applied for against all parties to a judge of the Supreme Bench of Baltimore City, who found probable cause to exist and ordered the warrant to issue. The parties were arraigned before the court, waived a jury trial and elected to be tried before the court, consenting to try all cases together. They thereupon on June 2 moved to quash the warrant, and the court held the matter *sub curia* until June 9, on which date he quashed the warrant, because as found by him it did not show probable cause to believe they were guilty of the crime. The court so stated and granted the motion and was informed by the State that the motion being granted they were powerless to proceed. The parties thereupon were found not guilty, and the State appeals.

Appellees have filed a motion to dismiss the appeals upon the well-known ground that they had once been acquitted and discharged upon a valid indictment; that the State has no right of appeal in such a case, unless such right is expressly conferred by statute, and cite: 2 *Am. Jur., Appeal and Error*, 984, Sec. 227; 17 *C. J., Criminal Law*, Sec. 3310; 24 *C. J. S., Criminal Law*, Sec. 1659; *State v. Shields*, 49 Md. 301; *Cochran v. State*, 119 Md. 539, 87 A. 400.

In Maryland there exists no such permissive statute, and the court will not "notice exceptions by the State except in cases where the parties accused have been convicted and have also taken exceptions and appeals." See also *State v. King*, 124 Md. 491, 496, 92 A. 1041, and *Bishop on Criminal Law*, 9th Ed., Vol. I, Sec. 992.

For the appellant it is contended that there has been no trial on the merits, also that appellees have not been

placed in jeopardy. But this we think is contrary to the fact, because the record definitely shows that before the court acted upon the motion to quash the warrant, Lieutenant Emerson was placed upon the witness stand by the State, who examined him and then there was offered the application for the warrant and the warrant in evidence. It would be novel indeed for the State to proceed thus with the trial of the case with the motion pending, the burden was on appellees and not upon the State to offer some facts to get rid of the warrant. We think, therefore, that it cannot be said that appellees were not in jeopardy, and that the appeals must be dismissed, because the trial had actually started when the ruling was made. *Hochheimer's Criminal Law,* 2nd Ed., Secs. 46, 47, 48.

The State relies upon *State v. King,* 124 Md. 491, 92 A. 1041, and *State v. Mariana,* 174 Md. 85, 86, 197 A. 620, but these cases differ materially from the case at bar. In the former, the appellee had not been tried upon the indictment, and this court held that if there was error in the rulings excepted to by the accused, so that a new trial could be awarded him, it was the duty of the Court of Appeals to figure and determine all questions raised by the State upon its appeal, while in the latter case, there was no statute or precedent in Maryland approving the practice of suppressing evidence prior to the trial.

In view of our conclusions respecting this case, it would serve no useful purpose to enter into a discussion as to whether the facts stated in Lieutenant Emerson's application for a search and seizure warrant showed the existence of probable cause, for the question has already been foreclosed.

*Appeals dismissed, with costs.*