## STATE *v.* ADAMS

[No. 27, October Term, 1950.]

*Decided November 15, 1950.*

The cause was argued before MARBURY, C. J., and
DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Kenneth C. Proctor, Assistant Attorney General,* with
whom were *Hall Hammond, Attorney General, J. Bernard
Wells, State's Attorney for Baltimore City,* and *Alan H.
Murrell, Assistant State's Attorney,* on the brief, for
the appellant.

*Joseph H. A. Rogan,* with whom was *J. Francis Ford*
on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from judgments on verdicts of not
guilty under six indictments, against appellee and other
defendants, for violations of the gambling laws. The
case against appellee was tried separately from the case
against the other defendants. Before pleading appellee
moved, in each of the six cases, "to dismiss the indict-
ment" on the grounds that his arrest "and the subsequent
search of his person and seizure of articles in his posses-
sion were invalid and unlawful because" (*a*) at the time
of the arrest he "was not covered by the search warrant
issued" since he was taken into custody outside the
premises, and (*b*) no misdemeanor or felony had been
committed by him in the presence of the arresting officer
prior to or at the time of his arrest; (*c*) "by reason
of said illegal arrest" he moved "that all papers obtained
by a search and all evidence in relation" to him "be sup-
pressed and their use on the trial of this case be pro-
hibited". This "motion to dismiss" purported to be made
pursuant to Rule 3 of the Criminal Rules of Practice

and Procedure, which provides, *inter alia,* "All other pleas [than four specified], and demurrers and motions to quash are abolished, and defenses and objections raised before trial which heretofore could have been raised by one or more of them shall be raised only by motion to dismiss or to grant appropriate relief." Whether Rule 3 authorizes or covers motions to suppress evidence other than motions to quash a search warrant and restore property under section 306 of Article 27 of the Code, and whether this "motion to dismiss" is authorized or covered by Rule 3 or section 306 or otherwise, are questions on which we intimate no opinion. For present purposes it is sufficient that this "motion to dismiss the indictment" is only a motion to suppress evidence and not the equivalent of a demurrer to, or a motion to quash, an indictment under the practice prior to Rule 3. At most this motion presents no question which formerly could have been raised by demurrer or motion to quash the indictment.

Appellee pleaded not guilty and elected trial before the court, without a jury. The court stated, "all the evidence will be received subject to exception", and the "motion to dismiss" (on which the court had not yet ruled) was "overruled at this time". At the conclusion of the testimony the court held the arrest, search and seizure illegal, granted appellee's "motion to strike out" all the evidence, and rendered a verdict of not guilty. From judgments on the verdict in the six cases the State has appealed. Appellee has moved to dismiss the appeal.

Whether the State can appeal after a verdict of not guilty involves no constitutional question. The prohibition of double jeopardy ["of life or limb"] in the Fifth Amendment is not a requisite of due process under the Fourteenth. *Palko v. State of Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288. In Maryland the double jeopardy rule is only part of the common law, which may be changed by statute. *Robb v. State,* 190 Md. 641, 60 A. 2d 211; *cf. Johnson v. State,* 191 Md. 447, 62 A. 2d 249. In the *Robb* case we sustained a statutory

provision, in force since 1914, that "either party" may appeal from a judgment of a justice of the peace (or Trial Magistrate) in a criminal case, as authorizing an appeal by the State, with a trial *de novo,* after a judgment of not guilty. In the *Palko* case the court sustained a Connecticut act of 1886, under which the state appealed from a judgment on a jury's verdict of guilty of murder in the second degree, the judgment was reversed for error (1) in excluding a confession, (2) in excluding cross-examination to impeach defendant's credibility and (3) in instructions to the jury, and on a new trial defendant was convicted of murder in the first degree and sentenced to death.

Though no constitutional question is involved, the Supreme Court has said, "But whatever may have been, or may be, the law of England upon that question, it is settled by an overwhelming weight of American authority that the State has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal, or upon the determination by the court of a question of law." *United States v. Sanges,* 144 U. S. 310, 312, 12 S. Ct. 609, 610, 36 L. Ed. 445. This statement, in an unanimous opinion by Mr. Justice Gray, was preceded by a brief discussion of "the law of England upon that question", and was followed by an exhaustive review of the American authorities. The only point in that case, as stated in the syllabus, was, "A writ of error does not lie in behalf of the United States in a criminal case." The court dismissed, for want of jurisdiction, a writ of error under the Circuit Court of Appeals Act of 1891 to review a judgment sustaining a demurrer to an indictment and quashing the indictment. Though this court has held the contrary with respect to review, on writ of error or on appeal in lieu of writ of error, of a judgment sustaining a demurrer to an indictment or quashing an indictment, the statement above quoted

is in accord with the decisions of this court construing statutes which give a right of appeal.

Until 1872 there was no right of appeal in criminal cases in Maryland. Section 4 of Article 5 of the Code of 1860 provided that "writs of error may be sued out in civil or criminal cases as heretofore practised in this State". Apparently the right to review by writ of error originated in the common law and not in any statute. By the Act of 1872, ch. 316, (as amended in 1884 and 1886, Code of 1888, Art. 5, sec. 77), it was provided that in all criminal trials it shall be lawful for the accused, or for the State's Attorney, in behalf of the State, to except to any ruling of the court, and to tender, and have signed and sealed, a bill of exceptions, and the party tendering such exceptions may appeal from such ruling to the Court of Appeals. *State v. Shields,* 49 Md. 301, 303-304. By the Act of 1892, ch. 506, amending the Act of 1872, (Code of 1939, Art. 5, sec. 86), it was provided, "The parties to criminal proceedings shall be entitled to bills of exception in the same manner as in civil proceedings, and appeals from judgments in criminal cases may be taken in the same manner as in civil cases."

In *State v. Buchanan,* 5 Har. & J. 317, 329-330, 362-363, it was held that a writ of error lies at the instance of the State, in a criminal prosecution—to review a judgment sustaining a demurrer to an indictment and discharging the defendants. This decision was based on a view of the English law different from the later view of the Supreme Court in the *Sanges* case, and on what was regarded as settled Maryland practice. In the opinion of the *Sanges* case it was said, "The Court of Appeals of Maryland, in 1821, sustained a writ of error by the state to reverse a judgment in favor of the defendants on demurrer to the indictment, citing a number of unreported cases decided in that state in 1793 and 1817. *State v. Buchanan,* 5 Har. & J. 317, 324, 330. But the same court, in 1878, refused to construe a statute of 1872, providing that in all criminal trials it should be lawful for the attorney for the state to tender a bill

of exceptions and to appeal, as authorizing the court, on such exceptions and appeal, to order a new trial after a verdict of acquittal. *State v. Shields,* 49 Md. 301." 144 U. S. 317, 12 S. Ct. 611, 36 L. Ed. 445. The *Shields* case was an appeal under the Act of 1872. However, in *State v. Strauss,* 49 Md. 288, 296, "brought up by the State, as upon writ of error", decided the same day, in an opinion by the same judge, Judge Miller, the court followed, without mentioning, the decision in the *Buchanan* case and reversed "a judgment sustaining a demurrer to an indictment and discharging the accused". In *State v. McNally,* 55 Md. 559, 561-562, "as upon writ of error", a judgment quashing an indictment was reversed and the case remanded for trial.

Under the Act of 1872 an appeal could be taken only before judgment. On appeal questions reviewable on writ of error could not be considered, and *vice versa.* Under the Act of 1892 an appeal can be taken only after judgment, and presents for review not only questions presented by bills of exceptions but also questions appearing on the face of the record, formerly reviewable only on writ of error. *Avirett v. State,* 76 Md. 510, 514-517, 25 A. 676, 987. Even when no bill of exceptions is presented, questions that could have been reviewed on writ of error may now be reviewed on appeal. Since 1892 this court has repeatedly followed, usually without mentioning, the *Buchanan* case—or the early practice followed in that case—in reversing on appeal judgments sustaining a demurrer to an indictment. *State v. Floto,* 81 Md. 600, 602-603, 32 A. 315; *State v. Camper,* 91 Md. 672, 47 A. 1027; *State v. Blakeney,* 96 Md. 711, 54 A. 614; *State v. Mercer,* 101 Md. 535, 61 A. 220.

We have been referred to no case, and we have found none, in which this court has held (*a*) that the State has a right to appeal to this court in a criminal case, except cases which were—and still are (see Rule 1, first adopted October 13, 1869; *cf. McCaddin v. State,* 100 Md. 669, 60 A. 474)—reviewable on (or "as on") writ of error, but since 1892 have also been reviewable on ap-

peal in lieu of writ of error, or (*b*) that the State has a right to appeal from a judgment of acquittal, except cases under the express statutes giving such a right of appeal from a magistrate's judgment. On the contrary, it has repeatedly been held that the provisions of the acts of 1872 and 1892 giving "the State" or "the parties" the right to take exceptions and appeal do not give the State a right to appeal after an acquittal; this court is required to notice exceptions by the State only where the parties accused have been convicted and have also taken exceptions and appeals. *State v. Shields,* 49 Md. 301, 306; *Birkenfeld v. State,* 104 Md. 253, 257-258, 65 A. 1; *State v. King,* 124 Md. 491, 496-497, 92 A. 1041; *State v. Rosen,* 181 Md. 167, 169, 28 A. 2d 829; *State v. Lingner,* 183 Md. 158, 168, 36 A. 2d 674.

In the *Shields* case the State, after acquittal, appealed on exceptions to rulings in admitting evidence. The appeal was dismissed. This court in its opinion said, "It has always been a settled rule of the common law that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterward, on the application of the prosecutor, in any form of proceeding, be set aside and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the judge on a question of law, or of a misconception of fact on the part of the jury. 2 Hale's P. C. 310; 2 Hawk's P. C. Book 2, ch. 47, sec. 12; 3 Whart, Cr. Law, sec. 3221; 1 Bishop's Cr. Law, secs. 992, 993. This cardinal rule has been clearly and definitely settled in England, and has never been modified by legislation there, nor in any other State in this Union, nor indeed, so far as we are aware in any other country where trial by jury under the common law prevails. Has it been abrogated in Maryland, and is this court now clothed with the power to set aside such a verdict and award a new trial? We cannot so decide, unless we find some clear and definite expression of the legislative will to that effect. We cannot impute to the Legislature the intention to over-

turn a rule like this, founded in the benevolence and mercy of the common law, which has prevailed here since criminal law was first administered in colonial times, and which no court of this State has ever hitherto attempted to disregard, without some statutory provision plainly indicating a purpose to subvert it. We should not be justified in inferring such intent from doubtful language or ambiguous expressions in any statute." 49 Md. 303. In the *Rosen* case the lower court quashed a search warrant, "because as found by him it did not show probable cause to believe they [the traversers] were guilty of the crime. The court so stated and granted the motion [to quash the warrant] and was informed by the State that the motion being granted they were powerless to proceed. The parties thereupon were found not guilty, and the State appeals." 181 Md. 169, 28 A. 2d 829. On motion the appeals were dismissed. In the *Lingner* case the State demurred to a plea of former jeopardy. "The Court overruled the demurrer and 'the State not desiring to traverse the plea, and submitting thereon', the Court found the traverser not guilty of the charge whereof he was indicted. Thereupon the State brings this appeal. * * * After the State's demurrer to the traverser's second plea was overruled the State did not traverse the plea, but submitted thereon. * * * The traverser having been acquitted, there can be no doubt the State had no right to appeal in this case." 183 Md. 160, 165, 36 A. 2d 675. The appeal was dismissed. See also *State v. Haas,* 188 Md. 63, 68, 51 A. 2d 647.

The Attorney General likens the instant case to a ruling on a demurrer to an indictment and distinguishes it from the cases last cited in that all testimony was stricken out and there was no decision below "on the merits". This position is not sound either in law or in fact. The distinction between cases in which the State can appeal and those in which it cannot is not a distinction between decisions on questions on law and on question of fact, or on the merits and not on the merits, but only the historical distinction between cases review-

able (under the *Buchanan* case) on writ of error and those not so reviewable. Furthermore, in a case turning on the validity of a search warrant or the legality of an arrest, the "merits" usually consists only of the question whether or not the warrant was valid or the arrest lawful.

The Attorney General also relies on *State v. Mariana*, 174 Md. 85, 197 A. 620, in which this court reversed a judgment of acquittal for error in granting before trial (and before enactment of Chapter 749 of the Acts of 1939, Code, Art. 27, sec. 306), a motion to suppress evidence. There was no motion to dismiss the appeal, and the right to appeal was not mentioned in the opinion. What was done in the *Mariana* case cannot operate to overrule *sub silentio* what was decided in the long line of prior cases; still less can it stand against subsequent decisions. The instant case is indistinguishable from the *Rosen* and *Lingner* cases, or from prior cases. Nor would it, now or ever, have been reviewable on writ of error.

At the argument references were made to the Criminal Rules of Practice and Procedure. The Attorney General did not contend that any of these rules purport to authorize an appeal in the instant case. If they did, it would be necessary for us to consider the distinction between power "to regulate and revise the practice and procedure" and power to abridge, enlarge or modify substantive rights, and specifically, power (or lack of power) of a court to enlarge or restrict the jurisdiction conferred by a statute. *Cf.* Code, Art. 26, sec. 35, Acts of 1939, ch. 719; Act of Congress of June 19, 1934, c. 651, 48 Stat. 1064, 28 U. S. C. A. §§ 723b, 723c, (now § 2072); *Sibbach v. Wilson & Co.*, (1941,) 312 U. S. 1, 10; *United States v. Sherwood*, (1941) 312 U. S. 584, 589-590, 61 S. Ct. 85 L. Ed. 1058.

Under the *Buchanan* case the State has a right of review which was denied *in toto* to the United States in the *Sanges* case (and prior cases), and is in most respects broader than the limited right of review of the

United States under the criminal appeal act of 1907 and as broad as the right of the United States since 1942. U. S. C. A. Title 18, § 3731. If a broader right of review is necessary in the interest of criminal justice, it must be granted by the legislature.

*Appeal dismissed.*